**James Duane HAMMAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 285S62.**

Supreme Court of Indiana.

Feb. 25, 1987.

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for the State.

DeBRULER, Justice.

This is a direct appeal from conviction by a jury of two counts of voluntary manslaughter (counts I & II) and one count of battery (count III). Appellant was sentenced to twenty (20) years on count I, twenty (20) years on count II and eight (8) years on count III, sentences to run consecutively.

The sole issue before this Court is whether the trial judge erred in his enhancement of appellant's sentences.

Appellant was charged with two counts of murder and one count of battery, but was convicted of two counts of voluntary manslaughter, each carrying a 10 year presumptive sentence, and the battery charge, carrying a 5 year presumptive sentence. Appellant contends the court erred by sentencing him to the maximum possible sentence for each of the three counts and in running them consecutively. It is asserted in support that the judge imposed the harsh sentences to compensate for what he believed to be an erroneous jury verdict, and in doing so, invaded the province of the jury.

Following the jury verdict, the judge made the following comments to the jury:

THE COURT: Well, we have had a long and busy day, and some of you have been jurors before this and some of you have not.

I thought you would be interested to know that there have been three jurys deliberating today in the courthouse. One is a civil case, the outcome of which I do not know, and the other is a criminal case, in which criminal case the defendant was charged and convicted of the offense of robbery which carries a fixed statutory standard term of thirty years imprisonment with not more than twenty years added for aggravating circumstances, and not more than ten years subtracted for mitigating circumstances.

The offenses charged in Counts I and II of this Information carries by statute a fixed statutory standard term of imprisonment of ten years with not more than ten years added for aggravating circumstances, and not more than four years subtracted for mitigating circumstances. Count III carries a five year standard statutory time to which may be added three years for aggravating circumstances.

You are discharged.

Further, at the sentencing hearing, the following comments were made by the trial judge:

> The evidence in this case as to all three counts established that the defendant killed two persons, and though charged with battery as to the third person intended and attempted to kill a third person. By IC35–41–5–1, attempt to commit a crime is made a crime of the same class as the crime attempted. However an attempt to commit murder is a Class A Felony punishable by a fixed term of thirty years with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances, and a fine of not more than $10,000.00.
>
> The evidence in this case was fully adequate to sustain a conviction of Murder as to Counts One and Two, although the jury returned a verdict of Voluntary Manslaughter as to Counts One and Two. The evidence established that the defendant killed after having traveled quite a distance to reach the scene of the crime and was armed, safety mechanism on his weapon had to be disengaged before firing, time span, number of persons killed and wounded, and the number of shots fired and the necessity for re-aiming as a result of recoil precludes any possibility of the existence of sudden heat as a mitigating factor reducing murder to voluntary manslaughter, although in fact the jury has returned a verdict of voluntary manslaughter, and the sentence will be imposed in accordance with the statute applicable to that offense.
>
> The Court considers the nature and circumstances of the crime committed as shown by the evidence, recognizing nevertheless that the penalty imposed must be that provided by statute for the crime of which the defendant was convicted by verdict of the jury as to Counts One and Two.
>
> As to Count Three the Court considers the nature and circumstances of the crime committed and the penalty provided by statute and that the evidence showed that after having first shot his then wife the defendant killed two persons and then fired the last shot at his wife who showed signs of life, and in fact did survive and is in a permanently impaired physical condition.
>
> The Court has discerned no evidence of remorse. The Court has considered all factors enumerated as mitigating and aggravating, as well as those mandatory factors enumerated in 35–4.1–4–7(a).

The judge subsequently sentenced appellant to two terms of twenty years and one term of eight years, with the terms to run consecutively for a total sentence of forty-eight years.

■ It is clear from the statements above that the trial judge considered the jury verdicts erroneous. While a trial judge is not prohibited from expressing his personal disagreement with a jury's verdict, a trial judge is prohibited from enhancing a defendant's sentence based upon his personal disagreement with the verdict. Appellant asserts that the trial judge enhanced each of his sentences based on his belief that appellant should have been convicted of murder.

■ In *Gambill v. State* (1982), Ind., 436 N.E.2d 301 this Court stated:

> "Although the circumstances of the crime may well have warranted the assessment of a maximum sentence, that sentence, nevertheless must be for the crime of which the defendant was found guilty and not one of which he was acquitted. It is clear that the trial court enhanced the sentence to compensate for what he believed to be an erroneous verdict. In so doing, he invaded the province of the jury. From his comments, any enhancement by him would be suspect. *See also, Hammons v. State,* (1986), Ind., 493 N.E.2d 1250.

In this case the trial judge displayed his hostility to the jury verdict by condemning as totally unsupported, the jury's belief that sudden heat had been present. Further, the discussion concerning the sentenc-

ing range for attempted murder was improperly introduced into the sentencing hearing as though immediately applicable. And finally, the record of the sentencing hearing and the docket entry do not disclose specific conclusions reached by the trial judge which would justify an enhanced sentence. The enhancement in this case was clearly the result of improper considerations. The jury convicted appellant of voluntary manslaughter and battery, not murder and attempted murder, and appellant should have been sentenced for the lesser offense regardless of the judge's perceptions concerning the adequacy of the verdicts.

█ Given the statements of the trial judge, it is necessary to vacate the sentences to ensure appellant is only punished for the crimes of which he was convicted. While generally the case would be remanded to the trial court for resentencing, that result would not be optimal in this particular instance. Therefore, based on a review of the entire record, the original sentences are ordered vacated and the cause remanded for the imposition of new sentences. The presumptive term is to be given on each of the three counts, with the sentences to run consecutively. The sentences will be run consecutively due to the grave outcome of appellant's actions. There were two individuals killed and another seriously injured and concurrent sentences would not punish appellant for each of those crimes. Here, three people were shot and two of those died. Each life had a value, each act of shooting was separate, each harm was unique. To let the sentences run concurrently, appellant in reality would be punished for only one killing, rather than for taking the lives of two individuals and seriously injuring a third. The tragic outcome of this situation merits separate sentences.

This cause is remanded to the trial court with instructions to resentence to ten (10) years for count I, ten (10) years for count II and five (5) years for count III, sentences to run consecutively.

GIVAN, C.J., SHEPARD and DICKSON, JJ., concur.

PIVARNIK, J., dissents without opinion.