**Millicent KIRKLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 55S00–8605–CR–457.**

Supreme Court of Indiana.

Sept. 6, 1988.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was charged with First Degree Murder. A jury trial resulted in a conviction of Voluntary Manslaughter, a Class B felony. She received an enhanced sentence of fifteen (15) years.

The facts are: Appellant and her husband had a stormy marriage which produced two children. They also had maintained a home for the husband's child from a prior marriage. Throughout the marriage the husband had committed various acts of infidelity and was physically and mentally abusive to appellant. There came a time when appellant surreptitiously acquired a gun and ammunition from her father's home and placed it under the driver's seat of a car which she borrowed from her grandmother. The gun remained under the car seat during at least two subsequent encounters with her husband, yet no attempt was made to use the gun at those times.

On the day the husband was shot, appellant drove to the factory where both she and her husband were employed. In the presence of fellow employees, the husband was flaunting his relationship with a new girl friend including giving her roses and allowing her to move his car from the parking lot. This was a car which he had forbidden appellant to drive during the course of their marriage.

Appellant testified that on that day when she arrived at work she removed the gun from beneath the driver's seat of the car and placed it in her purse because she expected her grandmother or her uncle to pick up the car during the day, and she did not want them to discover that she was carrying a gun. She further testified that her husband's conspicuous carrying on with the girl friend caused her "to lose it" so that when his girl friend drove the car from the parking lot and her husband was walking toward her, appellant removed the pistol from her purse and shot him.

■ Appellant claims the trial court erred by failing to give the jury a verdict form specifying "not guilty" without applying that finding to a specific crime. Appellant points to one of the court's verdict forms furnished to the jury which stated that they could make a finding of not guilty of murder. At that time, appellant orally objected that there were no instructions as to not guilty of lesser included offenses. However, there was no tender by appellant of such instructions. Thus, no error was have preserved. *Yeagley v. State* (1984), Ind., 467 N.E.2d 730. However, the court did in fact fully instruct the jury concerning its possible verdicts. The court gave its Final Instruction No. 4, which reads as follows:

"There are certain offense(s) which are included in the specific crime which has been charged in this case. An 'included offense' means an offense that:

(1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged, or

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property or public interest, or a lesser kind of culpability, is required to establish its commission.

Included in the crime of Murder are the included offenses of:

Voluntary Manslaughter

Reckless Homicide

Recklessness Inflicting Serious Bodily Injury By Means Of A Deadly Weapon

Criminal Recklessness

These included offenses are submitted for your consideration and verdict should you find guilt. Missing or different elements will distinguish any included offense from the specific crime which has been charged. You must resolve reason-

able doubt in favor of the accused downward from the specific crime charged through the included offenses. If there is reasonable doubt as to all, then you must find the defendant not guilty.

The statute(s) defining the included offenses applicable to this case which were in force in Indiana at the time of the specific offense(s) charged read (in pertinent part) as follows:

(H.I.)

I.C. 42-1-3 Voluntary Manslaughter
A person:
(1) knowingly or intentionally kills another human being while acting under sudden heat;
commits Voluntary Manslaughter
.......
The elements of Voluntary Manslaughter are that the accused must
(1) knowingly or intentionally
(2) kill
(3) another human being
(4) while acting under sudden heat
(b) The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under section 1 (1) of this chapter to voluntary manslaughter.

I.C. 35-42-1-5 Reckless Homicide
A person:
(1) recklessly kills another human being;
commits Reckless Homicide
The elements of Reckless Homicide are that the accused must:
(1) recklessly
(2) kill another human being

I.C. 35-42-2-2 Recklessness Inflicting Serious Bodily Injury By Means Of A Deadly Weapon
A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person by means of a deadly weapon
commits Recklessness Inflicting Serious Bodily Injury By Means of a Deadly Weapon...............
The elements of Recklessness Inflicting Serious Bodily Injury By Means Of A Deadly Weapon are that the accused must:
(1) recklessly, knowingly, or intentionally
(2) inflict serious bodily injury on another person
(3) by means of a deadly weapon
I.C. 35-42-2-2 Criminal Recklessness
A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person
commits Criminal Recklessness..............
The elements of Criminal Recklessness are that the accused must:
(1) recklessly, knowingly or intentionally
(2) inflicts (sic) serious bodily injury
(3) on an[o]ther person[.]"

The court then went on to describe the elements of each included offense. We find that the jury was correctly and adequately instructed on this subject.

■ Appellant claims the trial court erred in imposing an aggravated sentence for the conviction for voluntary manslaughter. She claims the trial court failed to consider appropriate mitigating circumstances and further that the trial court's statement of reasons for imposing the enhanced sentence demonstrates that he was seeking to overcome what he perceived to be an incorrect verdict when the jury convicted appellant of manslaughter instead of murder. To support her position, appellant cites the cases of *Hamman v. State* (1987), Ind., 504 N.E.2d 276; *Gambill v. State* (1982), Ind., 436 N.E.2d 301.

It is true that this Court held in those cases that it is improper for a trial judge to enhance a sentence based upon his personal disagreement with the jury's verdict. Appellant takes the position that such was the motivation of the trial court's enhancement of her sentence. However, an examination of the record in this case does not bear out appellant's contention. The trial judge recognized that for whatever reason the jury had seen fit to discard the murder charge and to find appellant guilty of the included offense of voluntary manslaughter. The

trial judge fully acknowledged this was the prerogative of the jury. Neither *Hamman* nor *Gambill* stand for the proposition that the jury's finding of guilty on a lesser included offense precludes the trial judge from examining the facts of the case to determine whether or not he should mitigate, enhance, or impose the presumptive sentence upon appellant.

The trial judge correctly observed that this case did not fall into the category of some voluntary manslaughter cases where a homicide is committed on the spur of the moment in the heat of passion. He correctly observed that in this case appellant had deliberately armed herself with a weapon with the thought in mind that she might shoot her husband. He further observed that although appellant well knew she could readily rid herself of her husband by the judicial act of dissolution of her marriage she nevertheless entertained the thought of killing him.

Following the verdict of the jury, it was the duty of the trial judge to exercise his discretion in sentencing appellant. *Brown v. State* (1987), Ind., 512 N.E.2d 173. The record in this case discloses that appellant was expertly defended and through appellant's own testimony counsel successfully presented a picture of physical and mental abuse and frustration of appellant by her husband which was undoubtedly responsible for the jury's verdict of guilty of voluntary manslaughter rather than murder as charged.

The testimony of appellant and others clearly supports the verdict of the jury. This, however, in no way prevented the trial judge from rendering the statutory sentence which he, in his discretion, deemed to be the appropriate sentence under the facts of the case. We find no error in the sentence imposed by the trial court.

Appellant claims the trial court erred by permitting the State to question her concerning alleged specific incidences of misconduct concerning her stepson, the child of her husband's previous marriage who was living in their home. The subject of the treatment of the child was originally brought out in the direct examination of appellant and served the purpose to present to the jury that one of the many abuses to which the husband subjected appellant was direct instruction to the child, in the presence of appellant, that he need not pay attention to her, and she was not to attempt to discipline him in any way. It was brought out that at one time when she did attempt to discipline the child she was subject to physical abuse by the husband in the presence of the child. This, of course, opened the door to the cross-examination by the State of how appellant did in fact treat the child on various occasions.

We do not perceive the sum total of this entire testimony to be necessarily detrimental to appellant and in fact may well have been one of the factors which induced the jury to reduce the conviction to one of voluntary manslaughter. We find no error on the part of the trial court in permitting the State to cross-examine appellant on her prior conduct.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.