Kenneth ELLIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 46S00–8810–CR–901.

Supreme Court of Indiana.

March 14, 1991.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Voluntary Manslaughter, a Class B felony, for which he received a sentence of twenty (20) years.

The facts are: In 1977, appellant quit his job at Sears in Michigan City, Indiana and moved to Arkansas because a co-employee, Ted Goetz, had started a rumor claiming that appellant was a homosexual. In 1978, appellant moved back to Indiana and began working as a repairman for Sun Appliance in LaPorte, Indiana. Upon his return, he resumed his friendship with Goetz and had no problems with the rumors of homosexuality. Appellant joined an informal breakfast group which included Ralph Lee, Jim Fanselow, and the victim, Ron Muckway. The group began teasing appellant about being a homosexual. The rumors continued over a long period of time, and appellant became concerned about his reputation in the community.

In order to stop these rumors, appellant and his girlfriend, Margaret Shelby, decided that if he threatened these men, they would leave him alone. This apparently convinced one of the men, Lee, to stop harassing appellant but not Fanselow and Muckway. In June of 1987, Shelby met with Fanselow and explained the effect the

harassment was having on appellant and asked Fanselow to stop tormenting him. Fanselow agreed to do so. However, Muckway continued to taunt appellant. As he prepared for work on the morning of the shooting, appellant put a handgun in his boot. Appellant went into the restaurant and informed Muckway that he had to straighten out the problem. They went outside and Muckway came toward appellant with his fist drawn. Appellant took the gun from his boot and shot Muckway twice. After the shooting, he went back into the restaurant, laid the gun on the counter, and waited for the police.

Appellant contends the court imposed the maximum sentence for voluntary manslaughter because the court believed the jury should have found him guilty of murder.

To support his position, appellant cites the fact that during the sentencing the judge, after first stating that he had spent considerable time making independent analysis and observation of the evidence and conceding that the jury had found appellant guilty of manslaughter, proceeded to evaluate the evidence and explained that the evidence caused him to believe that appellant had every opportunity to avoid the confrontation which led to the victim's death and did not choose to do so.

A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a Class B felony. *See* Ind.Code § 35–42–1–3. The presumptive sentence for a Class B felony is ten (10) years with not more than ten (10) years added for aggravating circumstances nor more than four (4) years subtracted for mitigating circumstances. *See* Ind.Code § 35–50–2–5.

■ Appellant cites *Hamman v. State* (1987), Ind., 504 N.E.2d 276 and *Gambill v. State* (1982), Ind., 436 N.E.2d 301 for the proposition that it is improper for a trial judge to enhance a sentence based on his personal disagreement with the jury's verdict. Appellant is correct in his observation. In *Gambill*, the sentencing judge stated:

' " " * * * I think the facts of the occurrence justify, and the evidence would justify a conviction of murder. I think in fact that was the offense committed. The jury, as it had a right to do, returned a verdict of voluntary manslaughter for whatever reason, and I think it was not a right verdict. Further than that I think the police did an exemplary job of developing the case." ' *Id.* at 304.

We reversed the enhanced sentence and remanded the case for resentencing. The same result obtained in *Hamman*.

■ The statements by the trial court in the instant case are in no way similar. In fact, the judge in no way reflects that he considered the jury verdict to be erroneous and stated that he accepted the verdict. In *Kirkley v. State* (1988), Ind., 527 N.E.2d 1116, 1119 this Court stated:

"Neither *Hamman* nor *Gambill* stand for the proposition that the jury's finding of guilty on a lesser included offense precludes the trial judge from examining the facts of the case to determine whether or not he should mitigate, enhance, or impose the presumptive sentence upon appellant."

In the instant case, the trial judge identified certain facts to justify the enhanced sentence. We cannot say that the enhancement was the result of improper considerations.

■ Appellant argues the court's decision to impose the maximum sentence was influenced by improper and emotional testimony from the victim's family and their input into the presentence investigation report.

Appellant contends the presentence investigation report did not conform to the requirements of Ind.Code § 35–38–1–9 in that it contained inflammatory remarks by the victim's family and evidence that one of the victim's daughters was receiving counseling. In addition, at the sentencing hearing, testimony was presented over appellant's objections from the victim's widow, mother, brother, and children that the victim was a good and valued person.

To support his position, appellant cites *Booth v. Maryland* (1987), 482 U.S. 496,

107 S.Ct. 2529, 96 L.Ed.2d 440. In *Booth*, it was held that the introduction of a victim impact statement at the sentencing phase of a capital murder trial was erroneous as being irrelevant to the defendant's culpability. However, in *Booth* the impact evidence was submitted to a jury. In the instant case, the evidence was presented at the sentencing phase where evidence was submitted to the trial judge only. Under Indiana law, the judge is required to consider a presentence investigation relevant to appellant's culpability. In addition, a review of the sentencing order on April 21, 1988 discloses that appellant's sentence was enhanced due to the nature and circumstances of the crime and appellant's lack of remorse. There was no mention by the court of the impact of the victim's death upon the victim's family. We find no error.

■ Appellant also claims that the presentence investigation report violated Ind.Code § 35–38–1–9 because it included evidence that one of the victim's daughters was receiving counseling. In addition to the above, we note that no objection to the statement was made and thus is waived. *Whittle v. State* (1989), Ind., 542 N.E.2d 981. Appellant contends, however, that an error in sentencing may be raised at any time, citing *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822 and *Rumple v. State* (1988), Ind.App., 529 N.E.2d 861. However, in the cases cited above, to be fundamental error, the error must go to the substance of the sentence itself—i.e. an illegal sentence—not the procedures upon arriving at the sentence. We find no error.

■ Appellant contends the trial court improperly relied upon a lack of remorse on the part of appellant to justify the imposition of the maximum sentence.

In sentencing appellant, the court stated that he had observed the demeanor of appellant during the trial and on videotape submitted in evidence and that based upon these observations, he found that appellant did not have remorse so far as the victim was concerned but that his only remorse was the manner in which the situation had affected him personally. The judge pointed out that even after the verdict was rendered, the appellant continued to justify his actions on the ground that he had shot the victim in self-defense. The judge specifically found that the lack of remorse on the part of appellant was an aggravating circumstance.

A similar issue was raised in *Owens v. State* (1989), Ind., 544 N.E.2d 1375. In *Owens*, the defendant argued that the trial court erred by considering improper aggravating circumstances. In part of his argument, he challenged using lack of remorse as an aggravator. However, we stated that "[t]here is no general prohibition against using lack of remorse as a sentencing factor." *Id.* at 1378. As above recited, the trial judge in the case at bar gave ample reason to support his finding of lack of remorse.

Appellant contends the trial court failed to identify and weigh the aggravating and mitigating circumstances thus leading to erroneously imposing the maximum sentence which was unreasonable.

To the contrary, the trial court gave a lengthy explanation of his findings including the mitigating circumstance that appellant had no history of delinquency or criminal activity in his past and that he led a law-abiding life for a substantial period before the commission of the instant crime. He also gave lengthy reasons for aggravating circumstances including the fact that appellant had made verbal threats against the life of the victim and others, and on the morning of the crime, he concealed a deadly weapon in his boot and purposely went to the location where he knew the victim could be found with the intention of resolving conflicts in appellant's own words, "one way or the other." As an additional aggravating circumstance, the trial court found that appellant was in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

■ Appellant takes issue with the statutory aggravator that a defendant is in need of correctional or rehabilitative treatment. In support of his argument, appel-

lant cites the testimony of Dr. David Frank, a clinical psychologist who examined him. Dr. Frank testified that he did not believe that a court should consider whether the person to be sentenced needed correctional or rehabilitative treatment in that such treatment could not be accomplished by sentencing to a penal facility. He stated that it was his opinion that very little if any treatment is rendered to people in penal institutions and that if they "get better in a penal institution it's generally in spite of the institutionalization rather than because of it." He based his observations upon 15 to 20 years of association with the Indiana Department of Correction. As to appellant, the doctor testified that he had treated him while he was incarcerated and "the results of the MMPI would be the kind one would expect if treatment were successful and he were treated some other place."

One can hardly debate the wisdom of the doctor's observations. However, the legislature has seen fit to add this provision to the statute in their definition of aggravating circumstances. If we give full weight to Dr. Frank's testimony and concede him to be correct, we nevertheless find a series of valid reasons given by the trial judge for the enhancement of the sentence. We have held previously that only one aggravating circumstance is necessary to support an enhanced sentence. *Owens, supra.* In the case at bar, there is ample reason for the trial court's sentence. We find no error.

Appellant contends the trial court erred by disregarding the mitigating circumstances which in his view were that the crime was unlikely to recur, the victim of the crime induced or facilitated the offense, there was evidence which tended to excuse or justify the offense, appellant acted under strong provocation, and he would likely respond to probation or short term imprisonment. He further claimed that imprisonment would result in undue hardship due to illness. The trial judge, as noted above, did set forth mitigating circumstances but did not include the list appellant now furnishes us.

In *Wagner v. State* (1985), Ind., 474 N.E.2d 476, we held that mitigating factors are not a mandatory consideration in sentencing. Certainly the trial judge was not bound to accept all of appellant's perceived mitigating circumstances. *See also Brown v. State* (1987), Ind., 516 N.E.2d 29. The trial court committed no error by concluding that aggravating factors outweighed the mitigating factors.

██ Appellant contends the maximum sentence of twenty (20) years is manifestly unreasonable. As already noted, it is within the trial court's discretion to determine whether the presumptive sentence will be increased or decreased because of aggravating or mitigating factors. If the sentence imposed is within the statutory limits, this Court will not set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *Anderson v. State* (1984), Ind., 466 N.E.2d 27. We cannot say from the record that the trial court abused its discretion on sentencing appellant. We find no error.

The trial court is affirmed.

DeBRULER and KRAHULIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., concur in result without separate opinion.