**James E. TREI, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 06A04–9505–CR–180.**

Court of Appeals of Indiana.

Nov. 29, 1995.

132

Jeffrey H. Frandsen, Zionsville, for Appellant.

Pamela Carter, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee.

1. IND.CODE 35–42–4–9(a) (1995 Supp.).

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Defendant–Appellant James E. Trei appeals from the trial court's imposition of a 65–year sentence following his conviction of sexual misconduct with a minor, as a Class A felony[1]; and two counts of confinement, as Class B felonies[2].

We affirm in part, reverse in part and remand for resentencing.

*ISSUES*

Trei presents two issues for our review, which we re-state as follows:

1. Whether the trial court's imposition of consecutive sentences resulting in an aggregate 65–year sentence violates I.C. 35–50–1–2 (1995 Supp.), which provides that the maximum term of consecutive sentences arising from the same episode of criminal conduct may be no more than the presumptive sentence for the next higher class of felony.

2. Whether Trei's sentence was manifestly unreasonable and constitutionally disproportionate to the nature of the offenses committed.

*FACTS AND PROCEDURAL HISTORY*

On September 18, 1994, at approximately 2:00 p.m., E.L. and her friend B.B. were walking along Sugar Creek in Thorntown, Indiana. E.L., who was 14–years old at the time, was collecting bugs for her biology class project. As the two walked along, they were confronted with Trei who jumped out from behind a tree. Trei grabbed E.L. and held a knife in front of her. Trei then led E.L. and B.B. down a path to a wooded area, and ordered them to lie on the ground, facedown. Trei then ordered B.B. to put his face to the ground, got on top of E.L. and performed sexual intercourse. Subsequently, Trei offered E.L. and B.B. $130 to prevent them from telling anyone about the attack. Trei also told E.L. and B.B. that he knew where they lived and would kill them both if

2. I.C. 35–42–3–3 (1993).

they told. E.L. accepted $80 and B.B. accepted $50, and Trei left the area. E.L. and B.B. later disposed of the money in a trash bin.

Following a two-day manhunt, Trei turned himself in to the authorities. On September 19, 1994, he was charged by information with one count of sexual misconduct with a minor, as a Class A felony, and two counts of criminal confinement, as Class B felonies. Trei entered an open plea to all three charges on January 9, 1995. On February 9, 1995, the court held a sentencing hearing, and sentenced Trei to the maximum 45-year sentence on Count I and the maximum 20-year sentence each on Counts II and III. Because Count I charged sexual misconduct with a minor, E.L., and Count II charged the confinement of E.L., the court ordered that Counts I and II be served concurrently with each other and consecutive to Count III. Therefore, Trei received an aggregate sentence of 65-years.

### DISCUSSION AND DECISION

I. Indiana's Consecutive Sentencing Statute
I.C. 35-50-1-2

■ Trei contends that pursuant to I.C. 35-50-1-2(a) (West 1994), 50-years was the maximum term of imprisonment for which he was eligible. He argues that his crimes "were committed during a short period of time at one location, were integral parts of

one continuous criminal design and plan, were motivated by the same criminal intent, and thus comprised a single episode of criminal conduct within the meaning of the maximum sentence limitation contained in I.C. 35-50-1-2(a)." Appellant's Brief at 4. We agree.

In 1994, the legislature amended I.C. 35-50-1-2 to limit the trial court's previously unrestricted discretion when imposing consecutive sentences.[3] Essentially, I.C. 35-50-1-2 mandates that the total of the consecutive terms to which a defendant may be sentenced for felony convictions arising out of an "episode of criminal conduct" must not exceed the presumptive sentence for a felony which is one class of felony higher than the most serious of the felonies for which the defendant has been convicted.

Before structuring the sentence as it did, the trial court struggled with the meaning of the "same criminal episode" language of I.C. 35-50-1-2. In so doing, the court acknowledged that, at the time of Trei's sentencing, no cases existed interpreting the language. However, since then the legislature has defined the term and this court has interpreted the term and applied it appropriately.

In 1995, the legislature defined the language "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. 35-50-1-2(b) (1995 Supp.).[4]

---

3. I.C. 35-50-1-2 was amended in 1994 to read, in pertinent part, as follows:

   The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 [habitual offender statute] and IC 35-50-2-10 [habitual substance offender statute], to which the defendant is sentenced for felony convictions *arising out of an episode of criminal conduct* shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
   (emphasis provided).

4. The legislature also amended the statute, effective July 1, 1995, or to crimes committed after June 30, 1995, as follows:

   The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for *crimes of violence*, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
   I.C. 35-50-1-2(c) (1995 Supp.). Crimes of violence are defined in subsection (a)(1)-(11) as: murder, voluntary manslaughter, involuntary manslaughter, reckless homicide, aggravated battery, kidnaping, rape, criminal deviate conduct, child molesting, robbery as a Class A or B felony,

We first interpreted this newly defined language in *Tedlock v. State*, 656 N.E.2d 273 (Ind.App.1995), saying

> [w]e have no hesitation in concluding that our legislature's 1995 amendment to I.C. 35–50–1–2 which added a definition of the term 'episode' was intended to clarify, and not change, the 1994 version of the statute. Thus, we hold the legislature intended that the term "episode" as used in the 1994 amendment have the definition provided in the 1995 amendment as set out above.

slip op. 656 N.E.2d at 276.[5]

Trei's crimes were committed on September 18, 1994, and the 1994 amendment to I.C. 35–50–1–2 became effective July 1, 1994. Therefore, the amendment applies to crimes committed on or after July 1, 1994. The facts clearly indicate that Trei's convictions arose during the course of one criminal episode of conduct. In the language of the 1995 definition, Trei's crimes constitute "a connected series of offenses that are closely related in time, place, and circumstance." I.C. 35–50–1–2(b).

Having said that Trei's convictions arose out of a single episode of criminal conduct, I.C. 35–50–1–2 mandates that the total of his consecutive terms of imprisonment must not exceed the presumptive sentence for a felony which is one class of felony higher than the most serious of the felonies for which he was convicted. Trei's most serious felony conviction was for sexual misconduct of a minor, which is a Class A felony. The felony one class higher than a Class A felony is murder, which carries with it a 50–year presumptive sentence. Therefore, the total of Trei's consecutive sentences must not exceed 50–years.

We therefore remand to the trial court for re-sentencing. Such sentencing is left to the sole discretion of the trial court.

## II. Manifestly Unreasonable Sentence

Trei also contends that his 65–year sentence was manifestly unreasonable and constitutionally disproportionate to the nature of the offenses he committed. Particularly he argues that the sentencing court failed to place adequate weight on the lack of brutality and lack of physical injury of the victims, Trei's voluntary surrender to police, and that Trei pled guilty to his crimes without a plea agreement, thereby saving the public expense of a trial. Although we have already determined that Trei's aggregate sentence does not comply with I.C. 35–50–1–2, we will review each individual sentence under the manifestly unreasonable standard.

■ Sentencing decisions rest within the sound discretion of the trial court and we will reverse only upon a showing of a manifest abuse of that discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which it was imposed. *Holmes v. State* (1994), Ind., 642 N.E.2d 970, 973. Under the sentencing guidelines in effect at the time, Trei received the maximum aggravated sentence for a Class A felony, 45 years [6]; and the maximum aggravated sen-

---

burglary as a Class A or B felony. I.C. 35–50–1–2(a).

5. Incidentally, in *Tedlock*, because the defendant's four convictions arose out of crimes committed against different victims, at different times, spanning approximately two years, we held that his crimes did not constitute one criminal episode, and therefore the trial court was not limited in its ability to impose consecutive sentences. 656 N.E.2d at 276–77. For a case analyzed under the 1994 version of I.C. 35–50–1–2, *See Salone v. State* (1995), Ind.App., 652 N.E.2d 552, *reh'g denied* (trial court's imposition of consecutive sentences resulting in 180–year aggregate sentence was contrary to 1994 version of I.C. 35–50–1–2, because defendant's offenses

arose from the same episode of criminal conduct).

6. In 1994, the legislature amended I.C. 35–50–2–4 (effective July 1, 1994), to provide that the presumptive sentence for a Class A felony is 25–years, rather than 30–years. The maximum 20–year enhancement for aggravating circumstances remained unchanged. Therefore, under the sentencing guidelines in effect at the time, the maximum term of imprisonment for a Class A felony was 45–years. For clarity, we note that in 1995, the legislature again amended I.C. 35–50–2–4 to increase the presumptive sentence for a Class A felony back to 30–years. I.C. 35–50–2–4 (1995 Supp.) (effective July 1, 1995).

 

tence for each of his confinement convictions, 20 years each.[7]

 When the trial court exercises its discretion to enhance a presumptive sentence, the record must identify the relevant factors underlying its decision. *Howard v. State* (1993), Ind.App., 626 N.E.2d 574, 576–77, *trans. denied.* Our review of the record reveals that the trial court properly articulated the aggravating factors upon which it relied to enhance Trei's sentences. The trial court noted the following aggravating circumstances: Trei's history of criminal activity, both adult and juvenile; his probationary status at the time of commission of the current offenses; his need for correctional rehabilitative treatment that can best be served in a custodial situation and; a reduced or suspended sentence would depreciate the seriousness of the crime. The court found no mitigating circumstances.

We do not find it probable that reasonable people would dispute the individual aggravated sentences imposed upon Trei. The trial court was in the best position to assign a weight to the aggravating circumstances, and we will not disturb its decision. *See* Ind.Appellate Rule 17(B)(1) (We will not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender).

Trei also cites Article I, sec. 18 and Article I, sec. 16 of the Indiana Constitution, which prohibits vindictive justice and disproportionate sentences respectively. As discussed above, the trial court's sentences, albeit enhanced to the maximum, are expressly permitted by statute. We will not disturb Trei's individual sentences because they are not individually unreasonable or violative of the Indiana Constitution. *See Holmes,* 642 N.E.2d at 973.

### CONCLUSION

Based on the foregoing, we affirm as to Issue II and remand to the trial court for re-

sentencing in accordance with the principles expressed in this opinion and I.C. 35–50–1–2.

We affirm in part, reverse in part and remand in part.

DARDEN and KIRSCH, JJ., concur.

---

7. I.C. 35–50–2–5 (1993) provides for a presumptive sentence of ten years for a Class B felony, with not more than ten years added for aggrava-

ting circumstances and not more than four years subtracted for mitigating circumstances.