Jerry A. BONDS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9902–CR–86.

Supreme Court of Indiana.

June 9, 2000.

Rehearing Denied Aug. 31, 2000.

Brent Westerfeld, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice.

The defendant, Jerry A. Bonds, pleaded guilty to murder[1] and conspiracy to commit robbery as a class A felony.[2] The trial court sentenced the defendant to sixty-five years for the murder and twenty years for conspiracy as a class B felony, to be served consecutively. We deem the defendant's appeal to present the following two claims: (1) that the trial court improperly found aggravating circumstances; and (2) that his sentence is manifestly unreasonable.

## Aggravating Circumstances

The defendant contends that the trial court relied on improper aggravating circumstances to enhance his sentences and to order them served consecutively. The trial court listed four aggravating circumstances: (1) the defendant recruited others in the planning and commission of the offense; (2) the defendant's role in the offense was that he was the one who actually went inside the store and committed the robbery and the killing; (3) a life was taken during the commission of the robbery; and (4) the money that was robbed from the store was obtained for purposes of satisfying a drug debt.

In general, sentencing determinations are within the trial court's discretion and are governed by Indiana Code section 35–38–1–7.1. *See Thacker v. State,* 709 N.E.2d 3, 9 (Ind.1999); *Harris v. State,* 659 N.E.2d 522, 527 (Ind.1995). We review trial court sentencing decisions only for abuse of discretion, including a trial court's decisions to increase or decrease the presumptive sentence because of aggravating or mitigating circumstances and to run the sentences concurrently or consecutively. *See Archer v. State,* 689 N.E.2d 678, 683 (Ind.1997); *Smith v.*

---

**1.** Ind.Code § 35–42–1–1.

**2.** Ind Code § 35–41–5–2; Ind.Code § 35–42–5–1.

*State,* 675 N.E.2d 693, 697 (Ind.1996); *Morgan v. State,* 675 N.E.2d 1067, 1072 (Ind.1996); *Mott v. State,* 273 Ind. 216, 220, 402 N.E.2d 986, 988 (1980). If a trial court relies upon aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Harris,* 659 N.E.2d at 527–28. We have consistently held that one aggravator alone is sufficient to warrant an enhanced sentence. *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993). The same circumstance may be used to both enhance a sentence and to impose a consecutive sentence. *Thacker,* 709 N.E.2d at 10; *Holmes v. State,* 642 N.E.2d 970, 973 (Ind.1994); *Marshall v. State,* 621 N.E.2d 308, 322 (Ind.1993); *McCollum v. State,* 582 N.E.2d 804, 817 (Ind.1991). When a trial court improperly applies an aggravator, but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Blanche v. State,* 690 N.E.2d 709, 716 (Ind.1998).

■ The "nature and circumstances" of a crime is a proper aggravator. *See* Ind.Code § 35–38–1–7.1 (the nature and circumstances of a crime shall be considered in determining what sentence to impose); *Thacker,* 709 N.E.2d at 10. While a trial court may not use a factor constituting a material element of an offense as an aggravating circumstance, *Angleton v. State,* 714 N.E.2d 156, 160 (Ind.1999); *Johnson v. State,* 687 N.E.2d 345, 347 (Ind. 1997); *Holmes,* 642 N.E.2d at 972, a court may look to the particularized circumstances of the criminal act, *Ellis v. State,* 707 N.E.2d 797, 804–05 (Ind.1999); *Smith,* 675 N.E.2d at 698; *Ector v. State,* 639 N.E.2d 1014, 1015 (Ind.1994); *Williams v. State,* 619 N.E.2d 569, 573 (Ind.1993). Although the particular manner in which a crime is committed may constitute an aggravating factor, *Jackson v. State,* 697 N.E.2d 53, 56 (Ind.1998); *Johnson,* 687 N.E.2d at 347; *Widener v. State,* 659

N.E.2d 529, 532 (Ind.1995), a trial court should specify why a defendant deserves an enhanced sentence under the particular circumstances, *Ellis,* 707 N.E.2d at 805; *Wethington v. State,* 560 N.E.2d 496, 510 (Ind.1990).

■ The defendant contends that the first aggravating circumstance, that the defendant recruited others, is not appropriate because the record contains no evidence or information that would support the finding that the defendant recruited the other participants in the crimes and because this factor merely restates a material element of the conspiracy offense and the robbery element of the felony murder offense. We note that the defendant submitted to the trial court the following account in the "Defendant's Statement" portion of his Pre–Sentencing Memorandum:

> At first it was just me and Cameron, my girlfriend. Later, Bernard (McGuire) came over and left. He came back about 4:30 or 5:00 p.m. He said he needed some money for a car payment or car insurance, something like that. I told him I didn't have any, even though I did. I didn't think he'd pay me back if I gave it to him. He asked if Bacon (Veronica Spencer) might have money. I told him he'd have to ask her about that. So we went to her apartment. It's close to mine. Bacon told Bernard she couldn't write anymore checks because they wasn't going through no more. Marilyn was already there. That's when Bacon said she knew a place we could rob to get some money. When Ahmed (Bellemy) came over, we asked him if he wanted to help us rob the Chinese store across the street. He said, "No," but that he'd look out for us. Bacon said she couldn't come but was going to send Marilyn over to help as a look out too.

Record at 130–31. The defendant's own statement here indicates that he was involved in recruiting other participants in the crime. Furthermore, the defendant's recruiting of other participants is not a material element of murder or conspiracy,

but rather constitutes the nature and circumstances of the crimes. The trial court did not abuse its discretion.

■ Regarding the second aggravator, the defendant's role as the primary actor in the robbery and the killing, the defendant contends that this aggravator is improper because it merely restates material elements of the offenses—the defendant went inside the store and committed the robbery and the killing. We note that the record clearly establishes the defendant's role as the primary actor in that, among the participants in the conspiracy, the defendant was the one who actually entered the store, committed the robbery, and killed the victim. The defendant's role as the primary actor is not a material element of either crime but constitutes the nature and circumstances of the crimes. The trial court did not abuse its discretion.

■ Regarding the third aggravator, a life was taken during the commission of the robbery, the defendant contends that this aggravator is improper because it merely restates material elements of the offenses. Killing another person during the commission of a robbery are material elements of the offense of felony murder by robbery, and thus the taking of a life cannot be used to enhance the sentence for murder. As to the conspiracy offense, the defendant entered a plea of guilty to it as a class A felony, which requires resulting serious bodily injury to any person other than the defendant. The sentencing court, after considering the mitigating factors and hearing argument regarding double jeopardy considerations involving the serious bodily injury element, sentenced the defendant for conspiracy as a class B felony, which does not require serious bodily injury. The class B felony sentence was fully enhanced, however. The sentencing court erred in considering the killing of another person as an aggravating factor.

Regarding the fourth aggravator, that the money taken from the store was obtained for purposes of satisfying a drug debt, the defendant contends that this aggravator is inappropriate because this circumstance merely restates a material element of the conspiracy offense and the robbery element of the felony murder offense. The purpose for committing this robbery is not a material element of either the murder offense or the conspiracy offense, but rather constitutes the nature and circumstances of the crimes and is not improper for this reason.

■ The defendant also contends that this fourth aggravator is inappropriate because the record contains no evidence or information that would support the finding that the purpose of the robbery was to obtain money to satisfy a drug debt. During its pronouncement of the sentence and explanation of sentencing factors, the sentencing court declared that it was considering testimony presented during a previous trial before the same judge involving the defendant's accomplice, Bernard McGuire, and stated that "the money that was robbed from the mart that day was obtained for purposes of satisfying a drug debt." Record at 275. The defendant argues that the trial court erred in considering evidence from the McGuire trial, which was not presented during the defendant's sentencing proceeding, in violation of his due process rights under the Fourteenth Amendment to the U.S. Constitution and state statutory sentencing procedures.

■ As a general rule, a trial court may not take judicial notice of its own records in another case previously before the court, even on a related subject and with related parties.[3] *State v. Hicks,* 525 N.E.2d 316, 317 (Ind.1988); *Hutchinson v. State,* 477 N.E.2d 850, 854 (Ind.1985); *Kennedy v. Jester,* 700 N.E.2d 1170, 1173 (Ind.Ct.App.1998); *Woods v. State,* 654 N.E.2d 1153, 1155 (Ind.Ct.App.1995); *State v. Peters,* 637 N.E.2d 145, 150 n. 3 (Ind.Ct.App.1994); *Bane v. State,* 579 N.E.2d 1339, 1340–41 (Ind.Ct.App.1991).

**3.** Exceptions to this general rule have been recognized. *See, e.g., State v. Hicks,* 525 N.E.2d 316, 317–18 (Ind.1988); *Szymenski v. State,* 500 N.E.2d 213, 215 (Ind.Ct.App.1986).

■ Even if the trial court erred in considering the third and fourth aggravating circumstances, two valid aggravating circumstances remain: the defendant's recruitment of others in the planning and commission of the offense, and his role as the primary actor in committing the robbery and the killing. Because the trial court's decisions to enhance the felony murder and conspiracy sentences and to impose consecutive sentences are thus supported by proper aggravating circumstances, we decline to reverse.

### Manifestly Unreasonable Sentence

Urging that there are no proper aggravating circumstances surrounding the nature of the offense and the character of the offender and that the trial court found six significant mitigating circumstances, which the defendant contends are overwhelming, the defendant argues that the enhanced sentence of sixty-five years for the murder and the consecutive-running enhanced sentence of twenty years for the conspiracy to commit robbery are manifestly unreasonable.

■ Sentencing is normally left to the sound discretion of the trial court. *Elmore v. State*, 657 N.E.2d 1216, 1219 (Ind. 1995). Although this Court is empowered to review and revise criminal sentences, we will not do so unless the sentence is " 'manifestly unreasonable in light of the nature of the offense and the character of the offender.' " *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997) (quoting Ind. Appellate Rule 17(B)), *cert. denied* 525 U.S. 841, 119 S.Ct. 104, 142 L.Ed.2d 83 (1998). Additionally, " 'the issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so.' " *Thacker,* 709 N.E.2d at 10 (quoting *Brown v. State,* 698 N.E.2d 779, 783–84 (Ind.1998)); *Prowell,* 687 N.E.2d at 568.

■ The trial court found various mitigating circumstances: the defendant showed acceptance of responsibility for his criminal conduct and entered a plea of guilty, appeared remorseful for his conduct, admitted his involvement immediately to the police, lacked a criminal history, provided testimony at the trial of a codefendant, and had a strong history of family support. We consider these along with the valid aggravating circumstances. Considering the nature of the offenses and the character of the offender, we are not convinced that the sentence in this case is clearly, plainly, and obviously unreasonable. We decline to revise the sentence.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., concurs in result.