## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 06 2019, 5:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jerry Bonds, Jr.
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jerry Bonds Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

June 6, 2019

Court of Appeals Case No.
18A-CR-3075

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

Trial Court Cause No.
49G01-9708-CF-116824

**May, Judge.**

Jerry Bonds, Jr. appeals the trial court's denial of his motion for alternative placement pursuant to Indiana Code section 35-38-2.6-3. We affirm.

## Facts and Procedural History

On July 31, 1998, Bonds pled guilty to murder and Class A felony robbery for an incident in which he killed the owner of Young's General Market and took money from the cash register. On October 14, 1998, the trial court sentenced Bonds to sixty-five years for murder and twenty years for robbery, to be served consecutively for an aggregate sentence of eighty-five years incarcerated. Our Indiana Supreme Court affirmed Bonds' sentence on appeal. *Bonds v. State*, 729 N.E.2d 1002, 1007 (Ind. 2000).

After various unsuccessful attempts at post-conviction relief and reduction of his sentence, Bonds filed a motion for alternative placement on November 20, 2018. In his motion, Bonds requested placement in a community corrections program, specifically home detention, work release, or daily reporting. Bonds stated in the motion that his request was

> in accordance with Indiana Code § 35-38-2.6 []. The Defendant Bonds **does not** wish the Court to construe this Motion as a 'Motion for Modification of Sentence'. The Sentence Length at present is not at issue and **only** alternative placement is to be considered.

(App. Vol. II at 126) (errors and emphasis in original). The trial court summarily denied Bonds' request on November 21, 2018.

# Discussion and Decision

[4] We first note that Bonds proceeds *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Although we will attempt to decide cases on the merits when possible, we will deem issues waived on appeal if noncompliance with the Indiana Rules of Appellate Procedure substantially impedes our ability to consider the merits of the case. *Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers & Merchan. Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *reh'g denied*, *trans. denied*.

[5] Bonds argues the trial court erred when it denied[1] his motion for alternative placement pursuant to Indiana Code section 35-38-2.6-3, which states, in relevant part, "[t]he court may, *at the time of sentencing*, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction" (emphasis added).

---

[1] Bonds also argues the trial court erred when it considered his motion for alternative placement as a motion for modification of sentence. However, he does not direct us to the portion of the record wherein the trial court did what he alleges and, accordingly, has waived this argument for appeal. *See*, *e.g.*, *Pierce v. State*, 29 N.E..3d 1258, 1267 (Ind. 2015) (waiving issue for appeal where argument not supported by citations to the record or citation to relevant legal authority).

The trial court sentenced Bonds in 1998. He filed his motion for consideration for alternative placement "in accordance with Indiana Code § 35-38-2.6" (App. Vol. II at 126), on November 20, 2018, over twenty years after his sentencing. As Bonds did not request placement in community corrections at the time he was sentenced in 1998, he in ineligible for placement in community corrections under Indiana Code section 35-38-2.6-3. *See Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001) (Ind. Code § 35-38-2.6-3 "merely authorizes the trial court to suspend a sentence and place defendant in a community corrections program at the time of sentencing, but [] it does not allow the trial court to modify placement after sentencing.").[2]

# Conclusion

[6] As Indiana Code section 35-38-2.6-3 allows for community corrections placement "at the time of sentencing" and Bonds filed his motion for alternative placement under that statute twenty years after he was sentenced, the trial court did not err when it denied his motion. Accordingly, we affirm.

[7] Affirmed.

---

[2] Bonds also argues his motion was "Shortstopped" at the trial court level and doing so was "demonstrative of bias and prejudice against the Appellant due to his 'pro se' status[.]" (Br. of Appellant at 11.) However, Bonds' argument regarding this alleged issue is, at best, confusing, and is waived for failure to make a cogent argument under Indiana Appellate Rule 46. *See Jackson v. State*, 992 N.E.2d 926, 933 (Ind. Ct. App. 2013) (failure to make cogent argument waives issue from appellate consideration), *trans. denied*.

Mathias, J., and Brown, J., concur.